UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00273-RJC
(3:14-cr-00099)

| | |
|---|---|
| EL TAMON MAURICE GREENE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner El Tamon Maurice Greene's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 on May 23, 2017. [CV Doc. 1].[1]

## I. PROCEDURAL BACKGROUND

On September 18, 2014, Petitioner pleaded guilty in Case 3:14-cr-00099 to conspiracy to distribute and possess with the intent to distribute heroin, 21 U.SC. § 841(a)(1), 846 (count 1) and felon in possession of a firearm, 18 U.S.C. §922(g)(1) (count 6). [CR Docs. 53, 55, 114]. In exchange for his guilty plea, the Government agreed to dismiss two additional counts charged against Petitioner in the indictment. [CR Doc. 115, p. 23-24]. The Court sentenced Petitioner to 120 months in prison. [CR Doc. 115, p. 19].

Petitioner filed an appeal, which the Fourth Circuit dismissed on grounds that Petitioner knowingly and voluntarily waived his right to appeal. United States v. Green, Appeal Case No.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:17-cv-00273, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00099.

1

16-4081 (4th Cir. October 24, 2016).  The Supreme Court denied Petitioner's petition for writ of certiorari.  Green v. U.S., 137 S.Ct. 1216, 197 L.Ed.2d 257 (2017).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 23, 2017, raising claims of improper plea, ineffective assistance of counsel, and unconstitutional conviction. [CV Doc. 1].  The Government filed its response on August 2, 2017. [CV Doc. 3].  Petitioner was granted thirty (30) days from August 8, 2017 in which to submit a reply but failed to do so.  [CV Doc. 4].  This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

A prisoner convicted of a federal offense may collaterally attack a conviction or sentence under the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  Section § 2255 is designed to correct fundamental errors which would "inherently result[ ] in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).  In a § 2255 proceeding, the petitioner bears the burden of proving his claims by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003).  The determination of whether to hold

2

an evidentiary hearing is ordinarily left to the sound discretion of the court. Raines v. United States, 423 F.2d 526, 530-531 (4th Cir. 1970). Upon review of Petitioner's § 2255 claims and the record, the Court concludes that Petitioner's claims can be resolved without an evidentiary hearing.

## III. DISCUSSION

### A. Petitioner's Challenge to Guilty Plea

Petitioner challenges his conspiracy conviction and claims that his plea was not knowingly and intelligently made because he was misinformed as to the elements and factual basis of the charge. Petitioner argues that he is actually innocent of the 21 U.S.C. § 846 charge because the Court and his attorney never explained to him the elements of conspiracy and because the Government failed to prove the required elements beyond a reasonable doubt. Petitioner states that he did not know of the conspiracy's objectives and did not knowingly participate in it, and that the conduct he admitted to did not constitute a criminal offense. Petitioner also attempts to challenge the conspiracy statute as unconstitutionally vague.

The Government responds that Petitioner's guilty plea was knowingly and voluntarily made, preventing him from now challenging his plea on collateral review. The Government also points out that Petitioner waived his right to appeal or collaterally attack his conviction on grounds other than ineffective assistance or prosecutorial misconduct and argues that his claims are therefore barred by procedural default.

"A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States. v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). A guilty plea also waives all nonjurisdictional defects, which includes "the right to contest the factual merits of the charges." Id. (citing Parker v. Ross, 470 F.2d 1092, 1093 (4th Cir. 1972) and United States v. Freed, 688 F.2d 24, 25 (6th Cir.

3

1982)). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. U.S., 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)(citing Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984)(footnote omitted)). A criminal defendant may waive his right to appeal his conviction and sentence, as well as his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

A defendant's statements made under oath during a plea hearing carry a "strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The representations of the defendant, his counsel, and the prosecution, along with the judge's findings accepting the plea present a "formidable barrier" to subsequent collateral attacks. Id. at 73-74. Absent extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d at 221-22.

The record reflects that the Magistrate Judge conducted Petitioner's Rule 11 plea hearing on September 18, 2014. [CR Doc. 114]. The Government summarized the charges and penalties against Petitioner. [Id. at p. 3, lines 20-25, p. 4, lines 1-13]. Petitioner testified that he fully understood the charges again him, including the maximum and minimum penalties he faced. [Id. at p. 4, lines 14-17]. Petitioner testified under oath that he was in fact guilty of the two counts charged against him, and that he understood and agreed to be bound by the terms of the plea agreement, including the factual basis included with the agreement. [Id. at p. 6, lines 20-23, p. 10, lines 13-15, p. 11, lines 1-6]. Petitioner signed the plea agreement, which incorporated a detailed factual basis in support of the charges against him. [CR Docs. 52, 53].

Petitioner also affirmed that he understood by pleading guilty he would be waiving his rights to a trial, as well his right to appeal and his right to challenge his conviction and sentence in a post-conviction proceeding. [Id. at p. 6, lines 14-19, p. 10, lines 16-22]. Petitioner testified that he was not threatened, intimidated, or forced to enter his guilty plea, nor made any promises to induce his plea. [Id. at p. 11, lines 7-13]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at p. 12, lines 12-14, Doc. 55].

Petitioner fails to provide any sufficient evidence to support his contention that there was no factual basis to support his conspiracy conviction or that his plea was not voluntarily made. The plea colloquy conducted by the Magistrate Judge and Petitioner's statements made under oath establish that Petitioner's guilty plea was knowingly, intelligently, and voluntarily made. Petitioner's allegations are conclusory as he fails to describe how he was "misinformed" as to the elements and factual basis of the charge against him. Contrary to Petitioner's assertion, the Court was not required to recite the elements of the offense during the plea colloquy. See U.S. v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996). Petitioner agreed to the factual basis that was filed with the plea agreement, which set forth the facts supporting the charge for conspiracy to possess heroin with intent to distribute. [CR Doc. 52]. The Government also read the charges aloud during the plea hearing, to which Petitioner agreed and Petitioner admitted that he was guilty.

Petitioner agreed to waive any challenges to his conviction and any attempt by Petitioner to now challenge his conviction is procedurally barred. This includes Petitioner's claims that that he did not knowingly participate in the conspiracy and his allegation that the conspiracy statute is unconstitutionally vague. A claim of error that was not raised on direct appeal is procedurally defaulted and is not cognizable on collateral review because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S.

614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); see also United States v. Pettiford, 612 F.3d 270, 279 n. 7 (4th Cir. 2010). To overcome a procedural default, a petitioner must show either (1) "cause" and "actual prejudice" resulting from the errors complained of, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral attack. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). "Cause" for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). "Actual prejudice" is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the movant must show "actual innocence by clear and convincing evidence." United States v. Mikalajunas, 186 F.3d at 493. Petitioner cannot demonstrate cause, nor can he show the necessary prejudice or actual innocence required to excuse procedural default in light of his guilty plea to the charges.

### B. Ineffective Assistance of Counsel

Petitioner alleges that his counsel was ineffective by failing to inform him of the required elements and nature of the conspiracy charge against him and for failing to challenge the conspiracy charge. Petitioner also argues that counsel failed to properly prepare and assist him during the plea colloquy, resulting in an unknowing and unintelligent guilty plea.

The right to counsel guaranteed by the Sixth Amendment includes the "right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80

6

L.Ed.2d 674 (1984)(quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970)).  To successfully challenge a conviction under § 2255 based on ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland, which requires the petitioner show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defense.  Strickland, 466 U.S. at 688, 692.  The court need not analyze both prongs if petitioner makes "an insufficient showing on one."  Debreus v. United States, 2012 WL 3686250, *3 (D.S.C. Aug. 24, 2012)(citing Strickland, 466 U.S. at 697)).  Failure to satisfy either prong is fatal to a petitioner's claim.  Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992)).

The first prong requires that the petitioner show that counsel's performance was deficient by articulating specific acts or omissions that fell "outside the wide range of professionally competent assistance."  Id. at 690.  However, when reviewing these alleged acts or omissions, courts must give substantial deference to counsel's strategic judgments.  Id. at 691.  This requires the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Burt v. Titlow, 571 U.S. 12, 22, 134 S.Ct. 10, 187 L.Ed. 348 (2013)(quoting Strickland, 466 U.S. at 690).

To establish prejudice under the second prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, at 694.  In the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007)(quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

7

A petitioner must also show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

Petitioner's claims are conclusory and lack factual support to establish any ineffectiveness on part of trial counsel with respect to entry of his guilty plea. See United States v. Dyess, 730 F.3d 354, 359-360 (4th Cir. 2013)(holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Petitioner cannot show how any actions on part of counsel rendered his plea from being voluntarily and knowingly made, nor can Petitioner show that he suffered any prejudice from counsel's actions. Petitioner testified under oath during the plea hearing that he had reviewed the indictment and discussed its contents with his attorney. [CR Doc. 114, p. 3, lines 16-19]. Petitioner also testified that he had spoken with his attorney about the applicability of the U.S. Sentencing Guidelines. [Id. at p. 4, lines 18-20]. Petitioner stated that he had sufficient time to discuss possible defenses to the charges with his attorney and that he was satisfied with his attorney's services. [Id. at p. 11, lines 14-20].

Petitioner fails to allege any facts to overcome the sworn statements he made at the plea hearing. Statements made under oath during a plea colloquy are binding "[a]bsent clear and convincing evidence to the contrary." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290 at 1299. Petitioner can show no defective performance on part of counsel with respect to his plea, nor can he show that there is a reasonable probability that, but for any errors on part of counsel, he would not have pleaded guilty and would have insisted on proceeding to trial. Petitioner fails to satisfy either prong of Strickland. Therefore, his ineffective assistance of counsel claim is subject to dismissal.

### C. Challenge to Constitutionality of Conviction

Petitioner challenges his felon-in-possession conviction based upon the Supreme Court's recent decision in Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In Johnson, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague and held that the imposition of an enhanced sentence under ACCA's residual clause violated due process. Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

The Government responds that Petitioner's claim is barred by procedural default and is also baseless because Petitioner was not sentenced under ACCA. The Government also argues that Petitioner's challenge to the sentencing guidelines as unconstitutionally vague is foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S.Ct. 886, 890, 197 L.Ed. 2d 145 (2017).

Petitioner's argument that Johnson invalidates his conviction is without merit. Petitioner was not sentenced as an armed career criminal under ACCA and Johnson is inapplicable here. As set forth in the presentence investigation report, Petitioner was assessed additional points under §4A 1 of the U.S. Sentencing Guidelines based upon his criminal history. [CR Doc. 103]. The Supreme Court held in Beckles that the sentencing guidelines are not subject to a vagueness challenge. Beckles, 137 S.Ct. at 890. At time of his plea, Petitioner agreed to waive any post-conviction challenges to his conviction and sentence. Petitioner also cannot demonstrate cause or show the necessary prejudice or actual innocence required to excuse his procedural default. In addition to failing on the merits, this claim is also subject to dismissal as procedurally barred.

9

### IV. CONCLUSION

For the reasons set forth above, the Court denies and dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. [CV Doc. 1].

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)(in order to satisfy §2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition state a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 1] is **DENIED** and **DISMISSED.**

2. This Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 29, 2021

_____
Robert J. Conrad, Jr.
United States District Judge